FILED
2015 MAR -9 P 1:49
U.S. DISTRICT COURT
ND OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Alicia Torres, <br><br> Plaintiff, <br><br> v. <br><br> Professional Account Service, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: CV-15-HGD-0403-S <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

For this Complaint, the Plaintiff, Alicia Torres, by undersigned counsel, states as follows:

### JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Alicia Torres ("Plaintiff"), is an adult individual residing in Birmingham, Alabama, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2), and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant Professional Account Service, Inc. ("PAS"), is an Indiana business entity with an address of 1359 East Margaret Avenue, Terre Haute, Indiana 47802, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A), and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by PAS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. PAS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to PAS for collection, or PAS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. PAS Engages in Harassment and Abusive Tactics

12. Within the last year, PAS contacted Plaintiff on Plaintiff's cellular telephone, number 205-xxx-9906, in an attempt to collect the Debt.

13. During all times mentioned herein, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") and a prerecorded or artificial message on a cellular telephone.

14. When Plaintiff answered the calls, she would hear a prerecorded voice which instructed Plaintiff to hold before transferring her to a live representative.

15. Other times when Plaintiff answered the calls, she heard music being played and had to wait on the line to be connected to the next available representative.

16. During several conversations PAS was extremely rude and abusive, calling Plaintiff a "deadbeat" and a "fucking scumbag".

17. Furthermore, PAS failed to send Plaintiff an initial letter informing Plaintiff of her rights within five days after the initial communication.

18. During a conversation with PAS, Plaintiff requested that the calls to her cellular phone cease.

19. Despite Plaintiff's request, PAS placed an additional twelve calls to Plaintiff's cellular phone.

20. PAS's repeated calls and abusive collection tactics have caused Plaintiff significant inconvenience and concern.

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATIONS OF THE ALABAMA DECEPRIVE TRADE PRACTICES ACT – ALA CODE § 8-19-1, *et seq.*

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Alabama Deceptive Trade Practices Act, as defined by Ala. Code § 8-19-1 *et seq*.

34.     As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual or statutory damages and reasonable attorney's fees and costs.

### COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     At all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

37.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

38. Defendants' telephone systems have some earmarks of a Predictive Dialer.

39. Often times when Plaintiff answered the phone, she would hear a prerecorded voice before Defendants' telephone system would connect her to the next available representative.

40. Often times when Plaintiff answered the phone, she would hear music being played before Defendants' telephone system would connect her to the next available representative.

41. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

43. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

44. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

45. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief, actual and statutory damages pursuant to Ala. Code § 8-19-10 against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ala. Code § 8-19-10 against the Defendants;

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 4, 2015

By     Respectfully submitted,

Curtis R. Hussey (ASB 7684 S57C)
Hussey Law Firm, LLC
10 N. Section Street #122
Fairhope, Alabama 36532
Telephone: (251) 928-1423
Facsimile: (888) 953-6237
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff
Alicia Torres